Josephine A. McIntyre, Appellant, *v.* Inez Borrero, Respondent.

Supreme Court, Appellate Term, First Department, March 23, 1927.

Landlord and tenant — eviction — action for rent — defense of eviction — determination of appeal from judgment in prior action that defense was question for jury requires reversal in this action for subsequent rent.

In this action for rent in which the defense was eviction, the determination on an appeal from a judgment in a prior action, that said defense was a question for the jury, requires a reversal of the judgment in this action for subsequent rent in which there was a ruling that there was an eviction as a matter of law, since plaintiff is entitled to have the jury pass on the question whether the conditions as they existed during the term included in this action constitute an eviction.

Appeal by plaintiff from judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff.

*Francis A. O' Neill,* for the appellant.

*Bijur, Herts & Steinberg* [*Harry Bijur* of counsel], for the respondent.

Per Curiam. On an appeal from a preceding judgment in a prior action we held that the landlord had made a *prima facie* case, that a defense involving the Tenement House Law had no evidence to sustain it, and that in support of a defense involving actual partial eviction the evidence warranted its submission to the jury. We ordered a new trial because both defenses were submitted to the jury and we could not ascertain whether the verdict had been influenced by the Tenement House Law defense. That action was for rent for the months November, 1923, to March, 1924. While that case was undecided here the present action for subsequent rent beginning April, 1924, came on for trial. Our reversal on the prior appeal makes necessary a reversal in this case, by reason of the ruling that there was an eviction as matter of law during April and May. Plaintiff is entitled to have the jury pass on the question

whether the conditions as they existed during April, May and June constitute an eviction.   Of course if before this cause again reaches trial the issue of eviction is determined in the other case, there may be a binding adjudication provided the uncontradicted proof is (as on this record) that the conditions remained the same during April and May.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.